NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-151

COMMONWEALTH

vs.

ARICKSON CRUZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was convicted, after a jury trial, of threatening to commit a crime, G. L. c. 275, § 2. In this direct appeal from the judgment of conviction, he argues that (1) prior bad act evidence in the form of text messages should not have been admitted, and (2) there was insufficient evidence to support the conviction because a different text message was not a true threat, but rather a lawful expression to stay away from his children. We affirm.

The jury could have found the following facts. See Commonwealth v. James, 73 Mass. App. Ct. 383, 383 (2008). The defendant and the victim dated for almost five years, during which time they lived together. They separated in the spring of 2018, and the defendant moved out of their house. After the separation, the pair did not have much contact, although the

defendant would occasionally text message the victim, and the victim noticed the defendant's car parked outside her house on multiple instances.

On February 8, 2020, the defendant sent the victim two text messages:  the first, sent at 4:29 A.M., read, "I wish u all die bitch I'm so hurt and it still hurt fuck u I hope u die bitch;" the second, sent at 5 A.M., read, "It hurts so much it hurts a lot oh" (February 8 text messages).

The next day, February 9, 2020, the victim went to a fundraiser to play with her band around 11 A.M.  The defendant later arrived at the fundraiser with his two children.  When the children saw the victim, they ran to her and hugged her.  By 2 P.M., the victim's band had already played, so she left.  As she departed, the defendant followed her outside while yelling and screaming.  At 4:03 P.M., the defendant sent the victim a text message saying:  "I swear to god if you touch my [kids] one more time I'll punch you in your fucking face Bitch, I'm not going to repeat myself again" (February 9 text message).

The defendant argues that the February 8 text messages were evidence of prior bad acts and should not have been admitted. "[T]he prosecution may introduce evidence of a defendant's prior bad acts, if relevant, to show a common scheme or course of conduct, a pattern of operation, absence of accident or mistake, intent, or motive."  Commonwealth v. Julien, 59 Mass. App. Ct.

679, 686 (2003), quoting Commonwealth v. Roche, 44 Mass. App. Ct. 372, 380 (1998). "Even if such evidence is relevant for other purposes, however, its probative value must not be outweighed by its prejudicial effect." Commonwealth v. Oberle, 476 Mass. 539, 550 (2017). "Determinations of the relevance, probative value, and prejudice of such evidence are left to the sound discretion of the judge, whose decision to admit such evidence will be upheld absent clear error." Id., quoting Commonwealth v. Robidoux, 450 Mass. 144, 158-159 (2007).

The judge did not abuse her discretion here. As the judge noted, the February 8 text messages were very close in time to the threat, and were relevant to whether the February 9 text message "could reasonably have caused the victim to whom it was conveyed to fear [that] the defendant had both the intention and ability to carry out [the] threat." See Commonwealth v. Chin, 97 Mass. App. Ct. 188, 201 (2020) ("When prior bad act evidence that occurred close in time to the date of the offense bears directly on the central issues in a case, the value of admitting it is not outweighed by the danger of unfair prejudice"). The judge could reasonably conclude that the February 8 text messages were relevant to understand the meaning and intent of the text message sent the following day. Additionally, the judge carefully limited the jury's consideration of the February 8 text messages by instructing the jury that they could be

3

considered "solely on the limited issue of whether the defendant made the threat under circumstances which could reasonably have caused the person to whom it was . . . conveyed to fear the defendant," and not "for any other purpose."  See Commonwealth v. Andrade, 468 Mass. 543, 549 (2014) ("The jury are presumed to follow the judge's instructions").  There was no error in admitting the February 8 text messages for that limited purpose.

The defendant next argues that the February 9 text message did not constitute a true threat, but rather was simply an expression of a lawful demand that the victim refrain from touching his children.  To sustain a conviction for threatening to commit a crime under G. L. c. 275, § 2, the Commonwealth is required to prove beyond a reasonable doubt that the defendant expressed an "intention to inflict a crime on another and an ability to do so in circumstances that would justify apprehension on the part of the recipient of the threat." Commonwealth v. Hamilton, 459 Mass. 422, 426-427 (2011), quoting Commonwealth v. Sholley, 432 Mass. 721, 724-725 (2000).

Taken in the light most favorable to the Commonwealth, the evidence permitted the jury to find beyond a reasonable doubt that the February 9 text message was not merely a demand that the victim refrain from touching the defendant's children, but was coupled with a threatened battery.  See Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).  Even accepting that the

4

defendant had a right to demand that the victim not return a hug from his children, that right did not extend to threatening to "punch [her] in [the] fucking face" should she do so.  See Commonwealth v. Allen, 474 Mass. 162, 168-169 (2016) (defense of another requires reasonable belief that third person being unlawfully attacked).  Moreover, the evidence permitted the jury to find that the defendant had the ability to carry out that threat, not least because he knew where the victim lived.  The circumstances, including the nature of the prior relationship between the defendant and the victim, the content of the February 8 text messages, and the conflict between the defendant and the victim that day, permitted the jury to find that the victim's fear was reasonable.  See Hamilton, 459 Mass. at 426.

Judgment affirmed.

By the Court (Wolohojian, Milkey & D'Angelo, JJ.[1]),

Assistant Clerk

Entered:  January 30, 2024.

---

[1] The panelists are listed in order of seniority.